```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/15/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNION CAPITAL, LLC

                             Plaintiff,

v.

PUGET TECHNOLOGIES, INC. and
HERMANN C. BURCKHARDT.

                            Defendants.

Civil Action No.: 15-CV-09542-RA

**PRELIMINARY INJUNCTION ORDER**

RONNIE ABRAMS, United States District Judge:

Plaintiff UNION CAPITAL, LLC ("UNION") having moved by Order to Show Cause dated December 17, 2015 for an Order, pending final determination of this action, directing Defendant PUGET TECHNOLOGIES, INC. ("PUGE") to deliver immediately 554,102 shares of its common stock to UNION pursuant to the terms of the 8% Convertible Redeemable Note (the "Note") held by UNION, and to honor during the pendency of this action, all legally and contractually allowed conversion requests hereafter submitted by UNION; and

The matter having come on for a hearing on January 15, 2016, and having heard the testimony of Chaim A. Vail of UNION, and reviewed the exhibits attached to the Declaration of Mr. Vail, and admitted into evidence before this Court; and

Counsel for Plaintiff and Defendants appearing and each party having a full and fair opportunity to examine the witness and otherwise be heard, and the Court having found:

1) That jurisdiction before this Court is proper under 28 U.S.C. § 1331;
2) That Defendant PUGE has waived any objection as to jurisdiction and forum non conveniens;
3) That Securities and Exchange Commission ("SEC") Rule 144 does not bar delivery to UNION or UNION's conversion of PUGE common stock;
4) That UNION has demonstrated a substantial likelihood of success on the merits;
5) That PUGE will be unlikely to satisfy any damages award rendered against it in the matter;

1

6) That UNION has demonstrated it will suffer irreparable harm absent the entry of the requested preliminary injunction; and

7) That the balance of the equities decidedly tips in UNION's favor on the motion.

It is hereby:

ORDERED that UNION'S motion for a preliminary injunction is hereby granted. PUGE is hereby directed to deliver to Plaintiff UNION 554,102 shares of its Common Stock along with the necessary corporate resolutions, and to accept the contractually required legal opinions furnished to it by UNION to enable UNION to sell such Common Stock publicly without restriction;

IT IS FURTHER ORDERED that UNION shall, in connection with contractually required legal opinions certify within those opinions that its conversion request is in compliance with SEC Rule 144(e)(3)(vi);

IT IS FURTHER ORDERED, that PUGE honor, during the pendency of this action and in accordance with the law and with the agreement between the parties, all conversion requests hereafter submitted by UNION to convert all or any portion of the 8% Convertible Redeemable Note held by UNION into shares of PUGE common stock, and to deliver all necessary corporate resolutions and contractually required legal opinions necessary to enable UNION to sell its common stock publicly without restriction;

IT IS FURTHER ORDERED that PUGE immediately prepare and file a Proxy Statement with the SEC under Section 14(a) of the Securities Act of 1933 detailing PUGE's obligations under the provisions of this Order and soliciting the consent of the stockholders of PUGE to approve such a proxy at a meeting of the stockholders to be held as soon as legally possible. If no comments are received from the SEC, then, as soon as legally possible PUGE shall file the definitive proxy detailing PUGE's obligations under the provisions of this Order and solicit the consent of the stockholders of PUGE to approve such a proxy at a meeting of the stockholders to be held as soon as legally possible. PUGE will comply with all the proxy filing requirements and use its best efforts to solicit the affirmative consent of the stockholders. In the event that the SEC provides comments, PUGE must respond to SEC comments immediately. As soon as there are no further comments, PUGE shall file a definitive proxy statement with the SEC and follow the solicitation procedures set forth above; and

      IT IS FURTHER ORDERED that UNION shall pay the profits from any conversions under this Order into its counsel's escrow account until such time as the Court grants an application to release such profits.

Entered:      January 15, 2016

                                                                 _____
                                                                 Ronnie Abrams
                                                                 U.S.D.J.