# The Funes Law Firm, P.A.

*Attorneys at Law*
223 E. Flagler Street, Suite 606
Miami, FL 33132
T 305-731-2397 ● F 305 503-8557
admin@funeslaw.com ● www.funeslaw.com

March 8, 2016

**Via ECF System**
The Honorable James L. Cott
U.S. District Court
Southern District of New York
500 Pearl Street, Room 21 D
New York, NY 10007

      **RE:** *Union Capital, LLC v. Puget Technologies, Inc., et al.,*
           Case No. 15-CV-09542-RA

           *Case related to: Adar Bays v. Puget Technologies, Inc. et al.*
           Case No. 15-CV-8860-RA

           **Letter in Opposition to Plaintiff's Request to conduct general discovery and/or compel Defendant's Burckhardt's Deposition**

Dear Judge Cott:

I represent the Defendants in this case. As you know, this case was recently assigned to you after a discovery dispute. I am respectfully opposing the Plaintiff's request to expedite the deposition of Defendant Hermann Burckhardt and a request to conduct general discovery at the same time of Jurisdictional Discovery. As you may note, the present case is related to another case in Judge Abrams division in your division: Adar Bays v. Puget, Technologies, et al. Case No. 15-cv-8860 (the "Adar case" or the "Related case").

The Plaintiff Union Capital, LLC ("Union") has, from the inception of this case, tried incessantly to gain an unfair competitive advantage in the case. Even though the present case has virtually identical facts as the Adar Related case, the Plaintiff has made several attempts to reach different outcomes in the procedural stages in the case without fully and candidly informing the Court.

The Defendant Union filed this case and it specifically requested the case assignment to Judge Ronnie Abrams. Since Plaintiff Union filed its case, it was able to sit comfortably sit, wait, and spectate what the Plaintiff Adar would do in the Related case. Then, after the occurrence of a certain event in the Related case, Plaintiff would submit a similar filing, yet asking for different relief, even though Plaintiff was fully aware of what had occurred in the Related case. For instance, the Plaintiff in the present case knew that there was a Bond Requirement in the Related case directing the Plaintiff to keep in

1

escrow any funds received from the sale of stock the Plaintiff made.  Yet, Plaintiff Union, without fully informing the Court, initially submitted an order to Judge Abrams that did not have the Bond Requirement.

Now, a review of the Plaintiff Union Motion Letter requesting the earlier deposition of Defendant Burckhardt reveals that Plaintiff again has not candidly presented all the facts so that the Court could make a fair and fully informed decision regarding the discovery dispute.  For example, counsel for the Plaintiff and undersigned discussed the Plaintiff's wish to conduct jurisdictional discovery and a deposition of Mr. Burckhardt.  Undersigned specifically told Plaintiff's counsel that the Plaintiff Adar in the Related case had been given permission by Judge Abrams to conduct only one deposition.  Undersigned specifically told opposing counsel that Union as well should only request the Judge the same.  **See emails between undersigned and Plaintiff's counsel agreeing to the language in letter to be submitted to Judge Abrams attached as Exhibit "A."**

Despite entering into a clear and unequivocal agreement in the email exchange in Exhibit "A" regarding the language in the letter to Judge Abrams requesting jurisdictional discovery, Plaintiff's counsel again was deceiving by requesting "jurisdictional discovery" as opposed to "one deposition" which was what undersigned had agreed to and what Judge Abrams allowed in the Related case.  **See Letter from Plaintiff to Judge Abrams attached as Exhibit "B."**

In its present letter which is now under dispute, Plaintiff is requesting not only jurisdictional discovery against Burckhardt that goes beyond the scope allowed in the Related case, but now Plaintiff also wants to have the benefit of general discovery and then take the deposition of Mr. Burckhardt whose very own personal jurisdiction is at issue.  This will give Plaintiff and unfair advantage over the proceedings and will result in higher costs, more time, waste of judicial resources, and prejudice to the Defendant Burckhardt.

The Plaintiff, however, in its present Letter Motion, has once again concealed information to this Court to make a fair determination.  For instance, it has not told the Court that Judge Abrams in the Related case, limited the jurisdictional discovery to one deposition.  **See Order from Judge Abrams in the related case attached as Exhibit "C."**

Most significantly, the Plaintiff has not told the Court that the Defendants actually gave an opportunity to the Plaintiff Union, to attend the deposition by phone of Mr. Burckhardt the Plaintiff took in the related case.  Inexplicably, Plaintiff Union refused and instead decided to take the deposition in Miami, Florida and forced Mr. Burckhardt for an unnecessary second deposition.  Yet, all the facts for both cases are exactly the same.

In this case, the Defendants are simply requesting that the deposition of Mr. Burckhardt to occur on the first days of April 2016.  Contrary to Plaintiff's statements in its present Letter Motion, the Defendants did not say "sometime in April" for the deposition to take place.  Actually, the Defendants counsel specifically told Plaintiff's counsel that Mr.

2

Burckhardt could be deposed on April 1, 2016 or the starting week of April 4, 2016. These dates are just 7 days from the last deadline Judge Abrams has imposed in the case. In the Related case for example, Adar sought to have the deposition in January 22, 2016. However, the deposition did not take place until more than one month later. The track of the case was not affected.

Allowing Mr. Burckhardt to be deposed in April 1, or from April 4 through April 8 is not an unreasonable request and it will not significantly affect the track of this case. Accordingly, the Defendants respectfully request the Court to allow until such dates to have this deposition. After such time, the parties may conduct general discovery.

    Respectfully Submitted,

    **/s/ Alex D. Funes**
    Alex D. Funes, Esq.

cc:    Plaintiff's counsel via ECF.